IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

_____

MARK ANTHONY ADELL,

                     Plaintiff,

        v.                              MEMORANDUM AND ORDER
                                              07-C-319-S
LT. SHARP,

                     Defendant.

_____

       On June 13, 2007 the above entitled matter was removed to this
Court from the Dane County Circuit Court.   In his complaint
plaintiff Mark Anthony Adell alleges that defendant Lieutenant
Sharp forced him to submit to a urinalysis, placed him in temporary
lock-up without due process and issued him a conduct report in
retaliation for his refusal to have a urinalysis.

       On September 25, 2007 defendant moved for summary judgment
pursuant to Rule 56, Federal Rules of Civil Procedure, submitting
proposed findings of fact, conclusions of law, affidavits and a
brief in support thereof.   This motion has been fully briefed and
is ready for decision.  On October 9, 2007 plaintiff filed a motion
for judgment on the pleadings.

       On a motion for summary judgment the question is whether any
genuine issue of material fact remains following the submission by
both parties of affidavits and other supporting materials and, if

not, whether the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party.  If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).


FACTS

For purposes of deciding the defendant's motion for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

At all times material to this action plaintiff Mark Anthony Adell was an inmate at the Stanley Correctional Institution. Stanley, Wisconsin (SCI).  Defendant Lieutenant Thomas Sharp is employed as a Supervising Officer I at SCI.

2

On January 4, 2007 David Rock, a nurse practitioner at SCI, examined plaintiff who complained of blurred vision and dry mouth after taking a prescribed muscle relaxant. Rock discontinued the medication and called plaintiff's unit. The correctional officer on the unit advised that plaintiff had not taken the medication for the past four days. Rock then ordered a urine toxicology screening for plaintiff to see if metabolites of the prescription medication or another medication or substance were in plaintiff's system.

On January 5, 2007 plaintiff reported to the HSU but refused the urine test. Rock felt the refusal was odd since plaintiff was complaining of feeling drowsy and was no longer taking his medication. Rock advised defendant Sharp that plaintiff's behavior was suspicious. Rock completed an incident report concerning plaintiff's refusal to have the urine test because he felt the refusal was suspicious.

Defendant Sharp placed plaintiff in Temporary Lockup and told him the reason was that his refusal for the urinalysis was odd given his symptoms of lethargy and drowsiness. Plaintiff was given a cause urinalysis which came back negative on January 17, 2007.

On January 5, 2007 defendant Sharp issued a conduct report to plaintiff for disobeying orders. The report states he refused to submit to a urinalysis per Health Services order.

Plaintiff'S conduct report was dismissed on January 22, 2007 because he had the right to refuse the medical procedure. Plaintiff was then released from temporary lock up.

MEMORANDUM

Plaintiff claims his Fourth Amendment rights were violated when he was required to take a urine test.  Prison officials are not required to have probable cause to conduct a urine test for drugs on an inmate.  Forbes v. Triggs, 976 F. 2d 308, 312-313 (7th Cir. 1992).  Random urinalysis testing of inmates is allowed.  Id. The urine test for cause that plaintiff had on January 5, 2007 did not violate his Fourth Amendment rights.  Defendant is entitled to judgment in his favor on this claim as a matter of law.

Plaintiff also claims that defendant Sharp violated his due process rights when he was placed in temporary lockup for 18 days. An inmate in a Wisconsin correctional institution does not have liberty interest in not being placed in temporary lock up (TLU) status.  Russ v. Young, 895 F.2d 1149, 1153 (7th Cir. 1990); Sandin v. Conner, 515 U.S. 472, 487 (1995).

Since plaintiff did not have a liberty interest in not being placed in TLU, defendant Sharp did not violate plaintiff's due process rights by placing him in TLU.  Defendant is entitled to judgment in his favor as a matter of law on plaintiff's due process claim.

4

Plaintiff also claims that defendant Sharp retaliated against plaintiff by issuing him a conduct report for refusing to take the urinalysis test.  Although the conduct report was dismissed, plaintiff has submitted no evidence that defendant's motive for issuing the report was retaliatory.  Defendant Sharp's affidavit states that he issued the conduct report because of Nurse Practitioner Rock's suspicion that plaintiff was using drugs based on his odd behavior.  Plaintiff has submitted no evidence that contradicts this affidavit.  Accordingly, defendant Sharp is entitled to judgment in his favor on plaintiff's retaliation claim.

Defendant's motion for summary judgment will be granted. Plaintiff's motion for judgment on the pleadings will be denied.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claims must be dismissed.  See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS ORDERED that the defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for judgment on the pleadings is DENIED.

5

<u>Adell v. Sharp</u>, 07-C-319-S


IT IS FURTHER ORDERED that judgment be entered in favor of defendant against plaintiff DISMISSING his complaint and all claims contained therein with prejudice.

Entered this 12th day of October, 2007.

BY THE COURT:

/s/
_____

JOHN C. SHABAZ
District Judge